NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
    1500/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7383
    Facsimile: (213) 894-8601
    E-mail:   elisa.fernandez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

11/6/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ jb _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>LINDLEY ALAN HUPP,<br><br>      Defendant. | No.      2:20-cr-00551-GW<br><br>PLEA AGREEMENT FOR DEFENDANT<br>LINDLEY ALAN HUPP |

    1.   This constitutes the plea agreement between LINDLEY ALAN HUPP ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of Engaging in the Business of Dealing in Firearms without a License violation of 18 U.S.C. § 922(a)(1)(A) and Making A False Statement During the Purchase of Firearm, in violation of 18 U.S.C. § 922(a)(6).  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

//

//

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count Information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with:

i. Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) (Count One), and

ii. Making A False Statement During the Purchase of Firearm, in violation of 18 U.S.C. § 922(a)(6) (Count Two).

b. Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-043 or another order, rule, or statute. Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

c. Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with his initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

d.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

e.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

f.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

g.    Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

h.    Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

i.    Not contest facts agreed to in this agreement.

j.    Abide by all agreements regarding sentencing contained in this agreement.

k.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

l.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

m.   Pay the applicable special assessments ($200.00) at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

<u>RELINQUISHMENT OF PROPERTY</u>

3.   Defendant further agrees:

a.   To abandon, surrender and relinquish on behalf of himself to the Los Angeles Police Department, Operations Valley Bureau ATF Task Force, all of defendant's right, title, and interest in the following items, also described in Exhibit B attached hereto, collectively referred to herein as the "Relinquished Property") and described herein as:

| | Caliber | Type | Manufacturer | Make | Model | Serial Number |
|---|---|---|---|---|---|---|
| 1 | 0045 | Pistol | Springfield Armory | SA | PX9105ML | NM227939 |
| 2 | 0045 | Pistol | Glock, Inc. | GLC | 21 | MHH706 |
| 3 | 0022 | Pistol | Phoenix Arms | PHE | HP22ABLUE | 4328001 |
| 4 | 0040 | Pistol | Glock, Inc. | GLC | 27 | TFZ409 |
| 5 | 0380 | Pistol | Smith & Wesson | SW | BG380 | EBR6577 |
| 6 | 0022 | Pistol | Ruger | SR | MKIII | 27334241 |
| 7 | 0009 | Pistol | Dakota Tactile | DKT | D54P | 3500052 |
| 8 | 0000 | Pistol | Heckler & Koch | HEC | MARK 23 | 23017529 |
| 9 | 0045 | Pistol | Colt Manufacturing LLC | CLT | MARK IV SERIES 70 | 15583B70 |
| 10 | 0556 | Pistol | Turkey | US | TF 53 CA | TF00290 |
| 11 | 0045 | Pistol | Glock, Inc. | GLC | 30S | XLK968 |

| 12 | 0009 | Pistol | Glock, Inc. | GLC | 43 | ZZV017 |
| 13 | 0009 | Pistol | Heckler & Koch | HEC | SP5K | 215001800 |
| 14 | 0000 | Pistol | Noveske | NVK | N4 | B15488 |
| 15 | 0545 | Rifle | Russia | SX | SAIGA | 13890034 |
| 16 | 0000 | Pistol | Angstadt Arms | US | AA0940 | AA0900150 |
| 17 | 0009 | Pistol | Sig Sauer, Inc. | SSS | MPX | 62B040325 |
| 18 | 0009 | Pistol | Glock, Inc. | GLC | 43 | BCTP775 |
| 19 | 0009 | Pistol | Glock, Inc. | GLC | 17 | KNK034 |
| 20 | 0009 | Pistol | Heckler & Koch | HEC | VP9 | 224210527 |
| 21 | 0009 | Pistol | STI | STI | 2011 | TG30479 |
| 22 | 0022 | Rifle | Ruger | SR | Precision Rimfire | 84001776 |
| 23 | 0022 | Rifle | Ruger | SR | 10 22 TD | 691101 |
| 24 | 0556 | Rifle | Heckler & Koch | HEC | MR556A1 | 241001224 |
| 25 | 0308 | Rifle | GA Precision | GAP | GAPISTOL10 | GA00732 |
| 26 | 0762 | Rifle | FN | FNH | SCAR 17S | HC47920 |
| 27 | 0300 | Pistol | Knight's Armament | KNI | SR30 | KM916100 |
| 28 | 8888 | Pistol | Battle Arms Development | BTL | BAD556LW | L003059 |
| 29 | 0556 | Rifle | Israel Weapon Industries | IMI | TAVOR X95 | T0058415 |
| 30 | 0556 | Pistol | Noveske | NVK | N4 | X15018 |
| 31 | 8888 | Pistol | Self-Built | US | LAH15 | FMBUS5298 |
| 32 | 0556 | Pistol | Self-Built | US | HK416D | FMBUS5518 |
| 33 | 0556 | Pistol | Self-Built | US | HK416D | FMBUS5520 |
| 34 | 0045 | Rifle | Heckler & Koch | HEC | USC | 47003779 |

| 35 | 8888 | Pistol | Sauer | SSS | MCX | 68C017331 |
| 36 | 8888 | Rifle | Spike's Tactical | SPK | ST 15 | CCR5447 |
| 37 | 0762 | Pistol | Arsenal | RSE | SAM7K | K0522761 |
| 38 | 0556 | Rifle | Colt Manufacturing LLC | CLT | M4 CARBINE | LE171131 |
| 39 | 0000 | Pistol | Brownells | BBO | BRN 4 | 40122 |
| 40 | 0009 | Pistol | STI | STI | 2011 | TX07065 |
| 41 | 0000 | Pistol | Brownells | BBO | BRN 4 | 40456 |
| 42 | 0012 | Shotgun | Remington | REM | 870 | AB035252M |

b.    To surrender to officers or employees of the Los Angeles Police Department ("LAPD") the Relinquished Property within thirty (30) calendar days of defendant's execution of this plea agreement.

c.    To deliver to the undersigned Assistant United States Attorney, within forty-five (45) calendar days of defendant's execution of this plea agreement in a form acceptable to the United States of America, a waiver and release of third party claims to the Relinquished Property whereby third parties waive any of their rights to the abandonment, surrender or relinquishment of the Relinquished Property.

d.    To deliver to the undersigned Assistant United States Attorney, within forty-five (45) calendar days of defendant's execution of this plea agreement a LAPD Property Report listing the Relinquished Property as having been voluntarily surrendered to the Los Angeles Police Department, Operations Valley Bureau ATF Task Force.

e.   To refrain from contesting the abandonment, surrender or relinquishment of the Relinquished Property (by filing a claim, statement of interest, petition for an ancillary proceeding, petition for remission or otherwise) of the Relinquished Property in any administrative or judicial proceeding, or assisting any other person or entity in falsely contesting the abandonment, surrender or relinquishment of the Relinquished Property in any administrative or judicial proceeding.

f.   To take all steps necessary to pass to the Los Angeles Police Department, Operations Valley Bureau ATF Task Force clear title to the Relinquished Property, including, without limitation, the execution of any consent forms, and the completion of any other legal documents required for the transfer of title to the Relinquished Property to the Los Angeles Police Department, Operations Valley Bureau ATF Task Force.

g.   To the abandonment, surrender and relinquishment of the Relinquished Property not being counted toward satisfaction of any special assessment, fine, restitution, or any other penalty the Court may impose, or being counted toward satisfaction of any taxes, penalties, or interest owed to the Internal Revenue Service.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    With respect to Counts One and Two, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

e.    Should the Court sentence defendant to a term of imprisonment, recommend that defendant not be required to self-surrender to serve his sentence until on or after February 1, 2021, unless defendant violates the conditions of his bond.

f.    Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

NATURE OF THE OFFENSES

5.    Defendant understands that for defendant to be guilty of the crime charged in Count One of the Information, that is, that is, Engaging in the Business of Dealing Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A), the following must be true:

a.    Defendant was willfully engaged in the business of dealing in firearms within the dates specified in the Information; and,

b.    Defendant did not then have a license as a firearms dealer.

6.    Defendant understands that for defendant to be guilty of the crime charged in Count Two Information, that is, Making a False Statement During the Purchase of Firearm, in violation of 18 U.S.C. § 922(a)(6) the following must be true:

a.    Proforce Law Enforcement in Brea, California ("Proforce Law Enforcement") was a licensed firearms dealer;

b.    In connection with acquiring a firearm, namely, a Glock Model 43, 9mm caliber semiautomatic pistol, bearing serial number bearing serial number ZZV016, from Proforce Law Enforcement, defendant made a false statement;

c.    Defendant knew the statement was false; and

d.    The false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing Proforce Law Enforcement into believing that the firearm, a Glock Model 43, 9mm caliber semiautomatic pistol, bearing serial number ZZV016, could be lawfully sold to defendant when, in truth and in fact, defendant was not the actual buyer.

//

PENALTIES

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(a)(1)(A), as charged in Count One of the Information, is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(a)(6), as charged in Count Two of the Information, is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

13.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant

11

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Background

Beginning on or before February 2, 2011 and continuing through at least February 22, 2019, in Los Angeles, Orange, San Bernardino, and Ventura Counties, within the Central District of California, and San Joaquin and San Mateo Counties within the Northern District of California, and elsewhere, defendant LINDLEY ALAN HUPP ("defendant" or "HUPP") knowingly and intentionally engaged in the business of dealing in firearms without a license.  Further, on at least one occasion, defendant made a material false statement on a re-certification form prior to taking possession of the firearm; that is, defendant misrepresented that he was the actual buyer of a firearm when, in fact, and as defendant then well knew, he was purchasing the firearm for another individual.

HUPP's Business of Dealing Firearms without a Federal Firearms License and Sale of Off Roster Firearms

From September 11, 2012 through at least October 15, 2019, HUPP was employed as a sworn peace officer with the Torrance Police Department ("TPD"), a law enforcement agency located in Torrance, California.

As charged in Count One of the Information, while employed as a police officer with the TPD, defendant arranged the sale of at least forty-eight (48) firearms between November 4, 2012 and April 6, 2019. Prior to being employed with the TPD, HUPP served as an auxiliary police officer with the Pasadena Police Department, during this time from February through August of 2011 HUPP sold two firearms.

In violation of federal law, HUPP sold firearms without a federal firearms license.  HUPP made a business of dealing firearms, in part, by abusing exemptions made available to him under California law as a sworn peace officer.  Of the forty-eight (48) firearms defendant sold while employed at the TPD, thirty-six (36) firearms were "off roster" firearms; that is, firearms that HUPP's non-law enforcement customers could not have purchased directly from a licensed firearms dealer. Off roster firearms, also known as "non-roster" or "unsafe" handguns,

refer to firearms <u>excluded</u> from the list of firearms authorized by the California State Department of Justice ("CALDOJ") authorized to be sold to general members of the public by licensed firearms dealers within the State of California.

In California, general members of the public ("non-exempt" purchasers) could not purchase off roster firearms directly from licensed firearms dealers.  HUPP, as a sworn peace officer, was exempted from this ban and due to his official position could purchase from a firearms dealer new off roster handguns for use in in the discharge of his official duties.  HUPP was not prohibited from reselling off roster handguns to non-exempt persons on the secondary market.  By repeatedly exploiting the privilege afforded to him as a law enforcement officer, HUPP made it his business to resell off roster firearms soon after he acquired them to non-exempt purchasers; that is, persons who were <u>not</u> eligible to purchase off roster firearms on the primary market.  On Calguns.net ("Calguns"), a members-only online website forum and marketplace for firearms, defendant posted advertisements and exchanged private messages with purchasers offering to sell firearms, including firearms described as "off roster" and "BNIB [brand new in box]." HUPP resold least seventeen (17) of the thirty-six (36) off-roster firearms within 30 days of having initially purchased them for his use a sworn police officer.

<u>False Statement Re: The Actual Buyer of a Glock 43 Semiautomatic</u>
<u>Pistol (Serial Number ZZV016)</u>

As charged in Count Two of the Information, on November 16, 2015, HUPP made a material false statement on a Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") recertification form ("Form 4473").

On November 6, 2015 at 12:59 p.m., defendant using the Calguns user name "moparmoneyman" posted on Calguns an offer to sell "2 Glock 43 Bnib LA/OC NO SHIPPING."  The advertisement offered to sell "GLOCK," model "43," "9mm" firearms for "$850 each."  HUPP posted, "I have two brand new in the box."  A few minutes later, at 1:09 p.m., HUPP received a personal message ("PM") from Calguns User A, which stated, "[i]nterested in G 43, if you take $1,500 for both."  At 1:15 p.m., defendant replied, "$1600 and you got a deal."  Calguns User A replied, "I can do $1600, I know there BNIB but can you text me some pics. . . do you have other Glocks or off roster pistols for sale also?  I can buy all at once."  At 1:27 p.m.  HUPP replied, "the two guns are being DROS'd right now." DROS refers to a Dealer Record of Sale that is used by licensed federal firearms dealers to report the sale, loan, transfer and acquisition of handguns and long guns to CALDOJ. California law imposes a 10-day waiting period before a firearm can be released to a purchaser or transferee.

The same day at 2:38 p.m., HUPP purchased an off roster Glock Model 43, 9mm caliber semiautomatic pistol, bearing serial number bearing serial number ZZV016 (the "Glock 43"), at Proforce Law Enforcement, a licensed federal firearms dealer located in Brea, California ("Proforce").

At 2:49 p.m., HUPP updated the post with "SPF," that is, sale pending funds.  On November 8, 2016, Calguns User B sent defendant a private message to the defendant's post "Glock 43" that read, "Do you still have both of these guns available?"  User B later sent defendant a private message stating, "My cousin and I would like to buy both of your Glock 43's.  Will you do 800 for each one?"

Ten days after the purchase of the firearm, on November 16, 2015, 2:45 p.m., defendant picked up the Glock 43 from Proforce and signed a Form 4473 wherein HUPP falsely responded "Yes" to the question of "Are you the actual transferee/buyer of the firearm(s) listed on this form?"  As defendant then knew, at the time he signed the recertification Form 4473, HUPP was not the actual buyer of the Glock 43 pistol because he was purchasing the Glock 43 pistol for either Calguns User A or Calguns User B.  Defendant's false statement misled ProForce into believing that defendant was the actual buyer when, in truth and in fact, the Glock 43 pistol was intended for another person.  The false statement was material because had HUPP revealed that he was purchasing the gun on behalf of another person, ProForce would have stopped the sale as it could not sell a gun to an absentee purchaser.

On November 22, 2015, at Bass Pro Shops in Rancho Cucamonga, California, HUPP sold the Glock 43 pistol to Calguns User B.

<u>SENTENCING FACTORS</u>

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 12 | U.S.S.G. § 2K2.1(a)(7) |
| 25 to 99 Firearms | + 6 | U.S.S.G. § 2K2.1(b)(1)(C) |
| Abuse of Position of Trust | +2 | U.S.S.G. § 3B1.3 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

15

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF STATUTE OF LIMITATIONS</u>

19. Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offenses to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offenses to which defendant is pleading guilty  because of the expiration of the statute of limitations for those offenses prior to the filing of the information alleging those offenses; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offenses to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

1

## WAIVER OF APPEAL OF CONVICTION

2      20.   Defendant understands that, with the exception of an appeal
3 based on a claim that defendant's guilty pleas were involuntary, by
4 pleading guilty defendant is waiving and giving up any right to
5 appeal defendant's convictions on the offenses to which defendant is
6 pleading guilty.  Defendant understands that this waiver includes,
7 but is not limited to, arguments that the statutes to which defendant
8 is pleading guilty are unconstitutional, and any and all claims that
9 the statement of facts provided herein is insufficient to support
10 defendant's pleas of guilty.

11                ## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12      21.   Defendant agrees that, provided the Court imposes a total
13 term of imprisonment on all counts of conviction of no more than 41
14 months, defendant gives up the right to appeal all of the following:
15 (a) the procedures and calculations used to determine and impose any
16 portion of the sentence; (b) the term of imprisonment imposed by the
17 Court; (c) the fine imposed by the court, provided it is within the
18 statutory maximum; (d) to the extent permitted by law, the
19 constitutionality or legality of defendant's sentence, provided it is
20 within the statutory maximum.

21      22.   The USAO agrees that, provided (a) all portions of the
22 sentence are at or below the statutory maximum specified above and
23 (b) the Court imposes a term of imprisonment of no less than 24
24 (twenty-four) months, the USAO gives up its right to appeal any
25 portion of the sentence.

26      23.   Defendant gives up the right to appeal all of the
27 following: (a) the procedures and calculations used to determine and
28 impose any portion of the sentence; (b) the term of imprisonment

imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

24. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

25. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds

18

in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

27.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

//

//

//

EFFECTIVE DATE OF AGREEMENT

28. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

29. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

30. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

20

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION
AND PRETRIAL SERVICES OFFICE NOT PARTIES

31. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

35.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

NICOLA T. HANNA
United States Attorney

| | |
|---|---|
| _(signature)_ | October 15, 2020 |
| ELISA FERNANDEZ | Date |
| Assistant United States Attorney | |

See signature on subsequent pages.

| | |
|---|---|
| LINDLEY ALAN HUPP | Date |
| Defendant | |

See signature on subsequent pages.

| | |
|---|---|
| EDWARD M. ROBINSON | Date |
| Attorney for | |
| Defendant LINDLEY ALAN HUPP | |

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

1      PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      35.   The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

7  NICOLA T. HANNA

8  United States Attorney

9

10  _____    _____
    ELISA FERNANDEZ                    Date
    Assistant United States Attorney

11

12  _____    10/14/2020
    LINDLEY ALAN HUPP                  Date

13  Defendant

14  _____    10/14/2₀
    

15  _____    _____
    EDWARD M. ROBINSON                 Date
    Attorney for

16  Defendant LINDLEY ALAN HUPP

17

18

19      CERTIFICATION OF DEFENDANT

20      I have read this agreement in its entirety.  I have had enough

21  time to review and consider this agreement, and I have carefully and

22  thoroughly discussed every part of it with my attorney.  I understand

23  the terms of this agreement, and I voluntarily agree to those terms.

24  I have discussed the evidence with my attorney, and my attorney has

25  advised me of my rights, of possible pretrial motions that might be

26  filed, of possible defenses that might be asserted either prior to or

27  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

28  of relevant Sentencing Guidelines provisions, and of the consequences

                                 23

1   of entering into this agreement.  No promises, inducements, or

2   representations of any kind have been made to me other than those

3   contained in this agreement.  No one has threatened or forced me in

4   any way to enter into this agreement.  I am satisfied with the

5   representation of my attorney in this matter, and I am pleading

6   guilty because I am guilty of the charges and wish to take advantage

7   of the promises set forth in this agreement, and not for any other

8   reason.

9

10  LINDLEY ALAN HUPP                          Date  10/14/2020
    Defendant

11

12

13

14              CERTIFICATION OF DEFENDANT'S ATTORNEY

15      I am LINDLEY ALAN HUPP's attorney.  I have carefully and

16  thoroughly discussed every part of this agreement with my client.

17  Further, I have fully advised my client of his rights, of possible

18  pretrial motions that might be filed, of possible defenses that might

19  be asserted either prior to or at trial, of the sentencing factors

20  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

21  provisions, and of the consequences of entering into this agreement.

22  To my knowledge: no promises, inducements, or representations of any

23  kind have been made to my client other than those contained in this

24  agreement; no one has threatened or forced my client in any way to

25  enter into this agreement; my client's decision to enter into this

26  //

27  //

28  //

                            24

agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     10/14/20
EDWARD M. ROBINSON                     Date
Attorney for
Defendant LINDLEY ALAN HUPP

# EXHIBIT A

# (Information)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. §§ 922(a)(6), 924(a)(2): False Statement in a Federal Firearm Licensee's Records During Purchase of a Firearm] |
| LINDLEY ALAN HUPP, | |
| Defendant. | |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Defendant LINDLEY ALAN HUPP was a police officer with the Torrance Police Department, peace officer, and sworn member of a law enforcement agency who was paid on a full-time basis.

2.   California Penal Code Section 32000 prohibited the manufacturing, importing, offering for sale, selling, gifting, or loan of any handgun that was not on the roster of handguns determined to be "not unsafe" within the meaning of California Penal Code

//

//

Section 32015. More specifically:

a.   Pursuant to California Penal Code Section 32015, the California State Department of Justice ("CA DOJ") maintained a roster of handguns that could lawfully be sold in the State of California. The roster was a listing of handguns by manufacturer, model number, and model name that had been tested by a California certified testing laboratory and determined "not to be unsafe."  The handguns listed on this roster were the only handguns that could be sold in the State of California, subject to certain exceptions.

b.   Any handgun not listed on the roster was referred to as "unsafe," "non-roster," or "off roster."

c.   An "off roster" handgun could only be sold to, or purchased by, certain exempted parties listed in California Penal Code Section 32000. California Penal Code Section 32000(b)(4) permitted sworn members of police departments and other law enforcement or military agencies to purchase "off roster" handguns for use in the discharge of their official duties.

d.   The California Penal Code did not prohibit an exempted person, such as a sworn member of a police department, from re-selling an "off roster" handgun to a non-exempted, but otherwise non-prohibited, buyer.

3.   California Penal Code Section 26815 provided that no firearm could be delivered within ten days of the application to purchase, or after notice by CA DOJ of authorization or non-authorization for dealer to sell, within ten days of the submission to the CA DOJ of any correction to the application, or within ten days of the submission to the CA DOJ of any fee required, whichever was later (the "ten-day waiting period").  The ten-day waiting period

2

did not apply to the sale, delivery, or transfer of firearms made to a full-time, paid police officer whose employer had authorized the officer to carry firearms while in the performance of the officer's duties.

4.   California Penal Code Section 27535 provided that "no person shall make an application to purchase more than one handgun within any 30-day period," except for certain parties identified in the statute, including law enforcement agencies and any person properly identified as a sworn, full-time paid peace officer who was authorized to, and did carry a firearm during the course of their employment as a peace officer. Pursuant to the exception set forth in California Penal Code Section 27535(b)(5), peace officers could purchase or apply to purchase more than one handgun within a 30-day period.

5.   The United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") required all federally-licensed firearms dealers to document firearms sales and purchases on an ATF Form 4473, a form that was completed by the federal firearms licensee ("FFL") dealer and the firearm purchaser. The documentation process included the following requirements:

a.   At the time the purchaser submitted an application to purchase a firearm, the purchaser was required to certify on ATF Form 4473 that he or she was the "actual buyer" of the firearm. ATF Form 4473 advised that: "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person."

b.   At the time the purchaser took possession of the firearm, which generally was at the conclusion of the 10-day waiting period, the purchaser was required to re-certify on the ATF Form 4473

1 that all of the assertions previously made on the ATF Form 4473

2 during the initial application were true, correct, and complete.

3     6.   Defendant HUPP, in his capacity as an active law

4 enforcement officer, purchased numerous "off roster" firearms, many

5 of which he later sold.

6     7.   At times, defendant HUPP requested a waiver of the ten-day

7 waiting period by submitting a letter to the CA DOJ from the Torrance

8 Police Department, authorizing the waiver of the ten-day waiting

9 period.

10     8.   Defendant HUPP was not a licensed importer, licensed

11 manufacturer, or licensed dealer of firearms.

12     9.   Defendant HUPP was a member of Calguns.net ("Calguns"), an

13 online forum and marketplace for persons seeking to sell, purchase,

14 or discuss firearms.

15     a.   Defendant HUPP frequently posted advertisements on

16 Calguns offering to sell firearms.

17     b.   In posts and private messages on Calguns, defendant

18 HUPP would describe the advertised firearms as "off roster" in order

19 to increase their marketability.

20     c.   In posts and private messages on Calguns, defendant

21 HUPP would describe the advertised firearms as "BNIB" or "Bnib,"

22 meaning "brand new in box.

23     d.   In posts and private messages on Calguns, defendant

24 HUPP described the advertised firearm was "being DROS'd right now" or

25 "still in the shop being DROS'd," meaning the firearm was still

26 subject to the ten-day waiting period.

27     10.   These Introductory Allegations are incorporated into each

28 count of this Information.

4

COUNT ONE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or before November 4, 2012, and continuing through on or about April 6, 2019, in Los Angeles, Orange, San Bernardino, and Ventura Counties, within the Central District of California, in San Joaquin and San Mateo Counties, within the Northern District of California, and elsewhere, defendant HUPP, not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically and including, but not limited to, the following firearms, on or about the following dates and in or about the following locations:

| DATE OF SALE | LOCATION OF SALE and FIREARM(S) SOLD |
|---|---|
| November 4, 2012 | At Ammo Bros. in Cerritos, California, a Glock model 21, .45 caliber semiautomatic pistol, bearing serial number HNR256. |
| February 8, 2013 | At Ammo Bros. in Cerritos, California, a Kimber model Ultra Carry, .45 caliber semiautomatic pistol, advertised in a Calguns private message as an "Off the roster Kimber," bearing serial number KU187018. |
| July 17, 2013 | At Turner's Outdoorsman in Orange, California, a Glock model G35GEN4, .40 caliber semiautomatic pistol, advertised in a Calguns private message as "like new off roster," bearing serial number TZZ456. |
| March 4, 2014 | At Ammo Bros. in Cerritos, California, a Ben Senton VGN T1, 9mm caliber semiautomatic pistol, bearing serial number VGN00482. |

| DATE OF SALE | LOCATION OF SALE and FIREARM(S) SOLD |
|---|---|
| November 22, 2014 | At Insight Shooting Range in Artesia, California, a Glock model 17 GEN 4, 9mm caliber semiautomatic pistol, bearing serial number XWL897. |
| July 2, 2015 | At Fort Courage Armory in Simi Valley, California, a Dakota Tactical model D54P, 9mm caliber semiautomatic pistol, advertised in a Calguns private message as an "off roster" firearm, bearing serial number 3500026. |
| November 22, 2015 | At Bass Pro Shops in Rancho Cucamonga, California, a Glock model 43, 9mm caliber semiautomatic pistol, advertised in a Calguns post as "Bnib" and "brand new in the box," bearing serial number ZZV016. |
| January 18, 2016 | At Turner's Outdoorsman in Norwalk, California:<br><br>a) a Sig Sauer model P320, 9mm caliber semiautomatic pistol, bearing serial number 58A049079; and<br><br>b) a Sig Sauer model P938, 9mm caliber semiautomatic pistol, bearing serial number 52B148970. |
| March 1, 2016 | At Turner's Outdoorsman In Norwalk, California, a Glock model 21 GEN 4, .45 caliber semiautomatic pistol, bearing serial number YUW989. |
| July 17, 2016 | At The Stockade in Westminster, California, a Kimber model Custom TLE RL2, .45 caliber semiautomatic pistol, bearing serial number K216291. |
| July 25, 2016 | At Adamson Police Products in Los Alamitos, California, an LWRC International model M6A5R5B14P, 5.56mm caliber rifle, bearing serial number 321119. |

| DATE OF SALE | LOCATION OF SALE and FIREARM(S) SOLD |
|---|---|
| August 2, 2016 | At Tracy Rifle and Pistol in Tracy, California, a Heckler & Koch model HKUSC, .45 caliber rifle, bearing serial number 47011075. |
| August 10, 2016 | At Gunrunners in Duarte, California, a Colt model MK IV, .45 caliber semiautomatic pistol, bearing serial number 70N03131. |
| September 22, 2016 | At Riflegear in Fountain Valley, California, a DJ Getz model DF89K, 9mm caliber semiautomatic pistol, bearing serial number CC100028. |
| September 29, 2016 | At Riflegear in Fountain Valley, California, a Heckler & Koch model SP5K, 9mm caliber semiautomatic pistol, bearing serial number 215001063. |
| October 3, 2016 | At Turner's Outdoorsman in Torrance, California, a Heckler & Koch model SP5K, 9mm caliber semiautomatic pistol, bearing serial number 215001797. |
| October 5, 2016 | At Riflegear in Fountain Valley, California, a Heckler & Koch model SP5K, 9mm caliber semiautomatic pistol, bearing serial number 215001798. |
| October 8, 2016 | At Riflegear in Fountain Valley, California, a Sig Sauer model MCX, an unknown caliber semiautomatic pistol, bearing serial number 63C010362. |
| October 18, 2016 | At Riflegear in Fountain Valley, California:<br><br>a) a Sig Sauer model MCX, 5.56mm caliber semiautomatic rifle, bearing serial number 63C009067; and<br><br>b) Heckler & Koch model SP5K, 9mm caliber semiautomatic pistol, bearing serial number 215001799. |

| DATE OF SALE | LOCATION OF SALE and FIREARM(S) SOLD |
|---|---|
| October 19, 2016 | At Meridian Arms in Torrance, California, a CMMG model MK 3, 7.62mm caliber rifle, bearing serial number D15716. |
| November 9, 2016 | At Evans Gunsmithing in Orange, California, a Colt model M4 Carbine, an unknown caliber rifle, bearing serial number LE468554. |
| November 23, 2016 | At Gun Effects in Hacienda Hieghts, California, a LWRC M6, an unknown caliber rifle, bearing serial number 321095. |
| November 26, 2016 | At Coyote Point Armory In Burlingame, California:<br><br>a) a Sig Sauer model MPX, 9mm caliber semiautomatic pistol, bearing serial number 62B037583; and<br><br>b) a Heckler & Koch model SP5K, 9mm caliber semiautomatic pistol, bearing serial number 215002410. |
| November 27, 2016 | At Martin B. Retting in Culver City, California, a Heckler & Koch model VP9, 9mm caliber semiautomatic pistol, advertised in a Calguns private message as "still in the shop getting Drosed," bearing serial number 224106034. |
| December 13, 2016 | At Riflegear in Fountain Valley, California:<br><br>a) an STI model DVC Classic, 9mm caliber semiautomatic pistol, bearing serial number NG22051;<br><br>b) a CZ75 SP01, 9mm caliber semiautomatic pistol, bearing serial number C013904; and<br><br>c) a Sig Sauer model P226, 9mm caliber semiautomatic pistol, bearing serial number 47A173898. |

| DATE OF SALE | LOCATION OF SALE and FIREARM(S) SOLD |
| --- | --- |
| December 15, 2016 | At Superior Defense in Orange, California, a Sig Sauer model MPX, 9mm caliber semiautomatic pistol, bearing serial number 62B038481. |
| February 27, 2017 | At Bolsa Gunsmithing in Whittier, California:<br><br>a) a Heckler & Koch model P7M8, 9mm caliber semiautomatic pistol, bearing serial number 1697870; and<br><br>b) a Heckler & Koch model VP9, 9mm caliber semiautomatic pistol, advertised as "brand new in box," bearing serial number 224143103.<br><br>At Riflegear in Fountain Valley, California:<br><br>a) a Heckler & Koch model VP9, 40 caliber semiautomatic pistol, advertised as "brand new in box," bearing serial number 222017326;<br><br>b) a Glock unknown model 9mm caliber semiautomatic pistol, bearing serial number BBFB119;<br><br>c) a Walther model Q5 Match, 9mm caliber semiautomatic pistol, bearing serial number FCG0765; and<br><br>d) a FN model Hi Power, 9mm caliber semiautomatic pistol, bearing serial number NHCB160237. |
| April 5, 2017 | At Meridian Arms in Torrance, California, a Springfield Armory model M1A, 7.62mm caliber rifle, bearing serial number 145675. |
| June 13, 2017 | At Meridian Arms in Torrance, California, a Sig Sauer model P226, .357 caliber semiautomatic pistol, bearing serial number UU618165. |

| DATE OF SALE | LOCATION OF SALE and FIREARM(S) SOLD |
|---|---|
| April 9, 2018 | At Martin B. Retting in Culver City, California:<br><br>a) a Colt model Government, .45 caliber semiautomatic pistol, bearing serial number 4948EGA;<br><br>b) a Nighthawk Custom model Bob Marvel Custom, .45 caliber semiautomatic pistol, bearing serial number NCP26397; and<br><br>c) a Nighthawk Custom model Agent 2, 9mm caliber semiautomatic pistol, bearing serial number NCP29994. |
| June 14, 2018 | At Ammo Bros. in Cerritos, California, a Smith & Wesson M&P 9, 9mm caliber semiautomatic pistol, bearing serial number NBK1373. |
| June 28, 2018 | At Ammo Bros. in Cerritos, California, a Heckler & Koch model VP9, 9mm caliber semiautomatic pistol, bearing serial number 224029377. |
| August 28, 2018 | At Riflegear in Fountain Valley, California, a Heckler & Koch model P7 M8, 9mm caliber semiautomatic pistol, bearing serial number 91512. |
| October 8, 2018 | At Ammo Bros. in Cerritos, California, a Smith & Wesson model MP 9 Shield, 9mm caliber semiautomatic pistol, bearing serial number LDL3044. |
| February 22, 2019 | At Martin B. Retting in Culver City, California:<br><br>a) an STI model 2011, 9mm caliber semiautomatic pistol, bearing serial number MP190013; and<br><br>b) an STI model 2011, 9mm caliber semiautomatic pistol, bearing serial number TX07507. |

10

COUNT TWO

[18 U.S.C. §§ 922(a)(6), 924(a)(2)]

On or about November 16, 2015, in Orange County, within the Central District of California, defendant HUPP, in connection with the acquisition of a firearm from a federally licensed fireams dealer, namely, the acquisition of a Glock model 43, 9mm caliber semiautomatic pistol, bearing serial number ZZV016, from Proforce Law Enforcement, located at 655 North Berry Street in Brea, California, knowingly made a false and fictitious written statement, intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale of such firearm under Title 18, United States Code, Chapter 44, in that defendant HUPP executed and submitted to Proforce Law Enforcement an ATF Form 4473 Firearms Transaction Record, falsely stating that defendant HUPP was the actual buyer of

//
//
//
//
//
//
//
//
//
//
//
//
//

the firearm, when, in fact, as defendant HUPP then knew, he was not
the actual buyer of the firearm, in that he was acquiring the firearm
on behalf of another person.


                                        NICOLA T. HANNA
                                        United States Attorney

                                        Scott M. Garringer
                                        Deputy Chief, Criminal Division For:

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Public Corruption & Civil
                                        Rights Section

                                        ELISA FERNANDEZ
                                        Assistant United States Attorney
                                        Public Corruption & Civil Rights
                                        Section

# EXHIBIT B

# (Relinquished Property)

EXHIBIT B
RELINQUISHED PROPERTY
(Filed in Support of Plea Agreement for Lindley A. Hupp)

| | Caliber | Type | Manufacturer | Make | Model | Serial number |
|---|---|---|---|---|---|---|
| 1 | 0045 | Pistol | Springfield Armory | SPH | PX9105ML | NM227939 |
| 2 | 0045 | Pistol | Glock, Inc. | GLC | 21 | MHH706 |
| 3 | 0022 | Pistol | Phoenix Arms | PHE | HP22ABLUE | 4328001 |
| 4 | 0040 | Pistol | Glock, Inc. | GLC | 27 | TFZ409 |
| 5 | 0380 | Pistol | Smith & Wesson | SW | BG380 | EBR6577 |
| 6 | 0022 | Pistol | Ruger | SR | MKIII | 27334241 |
| 7 | 0009 | Pistol | Dakota Tactile | DKT | D54P | 3500052 |
| 8 | 0000 | Pistol | Heckler & Koch | HEC | MARK 23 | 23017529 |
| 9 | 0045 | Pistol | Colt Manufacturing LLC | CLT | MARK IV SERIES 70 | 15583B70 |
| 10 | 0556 | Pistol | Turkey | US | TF 53 CA | TF00290 |
| 11 | 0045 | Pistol | Glock, Inc. | GLC | 30S | XLK968 |
| 12 | 0009 | Pistol | Glock, Inc. | GLC | 43 | ZZV017 |
| 13 | 0009 | Pistol | Heckler & Koch | HEC | SP5K | 215001800 |
| 14 | 0000 | Pistol | Noveske | NVK | N4 | B15488 |
| 15 | 0545 | Rifle | Russia | SX | SAIGA | 13890034 |
| 16 | 0000 | Pistol | Angstadt Arms | US | AA0940 | AA0900150 |
| 17 | 0009 | Pistol | Sauer | SSS | MPX | 62B040325 |
| 18 | 0009 | Pistol | Glock, Inc. | GLC | 43 | BCTP775 |
| 19 | 0009 | Pistol | Glock, Inc. | GLC | 17 | KNK034 |
| 20 | 0009 | Pistol | Heckler & Koch | HEC | VP9 | 224210527 |
| 21 | 0009 | Pistol | STI | STI | 2011 | TG30479 |

| 22 | 0022 | Rifle | Ruger | SR | PRECISION RIMFIRE | 84001776 |
| 23 | 0022 | Rifle | Ruger | SR | 10 22 TD | 691101 |
| 24 | 0556 | Rifle | Heckler & Koch | HEC | MR556A1 | 241001224 |
| 25 | 0308 | Rifle | GA Precision | GAP | GAPISTOL10 | GA00732 |
| 26 | 0762 | Rifle | FN | FNH | SCAR 17S | HC47920 |
| 27 | 0300 | Pistol | Knight's Armament | KNI | SR30 | KM916100 |
| 28 | 8888 | Pistol | Battle Arms Development | BTL | BAD556LW | L003059 |
| 29 | 0556 | Rifle | Israel Weapon Industries | IMI | TAVOR X95 | T0058415 |
| 30 | 0556 | Pistol | Noveske | NVK | N4 | X15018 |
| 31 | 8888 | Pistol | Self-Built | US | LAH15 | FMBUS5298 |
| 32 | 0556 | Pistol | Self-Built | US | HK416D | FMBUS5518 |
| 33 | 0556 | Pistol | Self-Built | US | HK416D | FMBUS5520 |
| 34 | 0045 | Rifle | Heckler & Koch | HEC | USC | 47003779 |
| 35 | 8888 | Pistol | Sauer | SSS | MCX | 68C017331 |
| 36 | 8888 | Rifle | Spike's Tactical | SPK | ST 15 | CCR5447 |
| 37 | 0762 | Pistol | Arsenal | RSE | SAM7K | K0522761 |
| 38 | 0556 | Rifle | Colt Manufacturing LLC | CLT | M4 CARBINE | LE171131 |
| 39 | 0000 | Pistol | Brownells | BBO | BRN 4 | 40122 |
| 40 | 0009 | Pistol | STI | STI | 2011 | TX07065 |
| 41 | 0000 | Pistol | Brownells | BBO | BRN 4 | 40456 |
| 42 | 0012 | Shotgun | Remington | REM | 870 | AB035252M |